# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARY R. SETZER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-00147 |
| | ) REEVES/GUYTON |
| FIRST CHOICE LENDING SERVICES, LLC, | ) |
| CRYSTAL D. SHELTON, | ) |
| STEVE R. SHELTON, and | ) |
| BRANNON T. TAYLOR, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, acting *pro se*, brings this action against her former employer, alleging various claims arising out of her termination by defendants.

Defendants move to dismiss the complaint for failure to state a claim against any defendant. For the following reasons, defendants' motion to dismiss the complaint is granted, and this action dismissed in its entirety.

## I. Background

Mary Setzer worked for First Choice Lending Services from June 2011 until her termination on January 5, 2012. Setzer filed her first complaint with the Tennessee Human Rights Commission (THRC) on January 23, 2012, claiming defendants had discriminated against her because of her age and gender, and that defendants had harassed, retaliated against, and wrongfully discharged her.

The THRC issued a Notice of Determination on October 2, 2012, dismissing Setzer's complaint. The Notice of Determination notified Setzer that she had thirty days to appeal the determination in state court. On January 2, 2012, the Equal Employment Opportunity Commission (EEOC) adopted the THRC's findings and notified Setzer she had ninety days to file suit regarding the claims asserted in her complaint of discrimination. No complaint was filed in either state or federal court.

Five years later, Setzer filed a second Charge of Discrimination with the EEOC, claiming retaliation and harassment in violation of Title VII. The second Charge of Discrimination did not include allegations of age or gender discrimination. The EEOC issued a Notice of Right to Sue on March 22, 2017, and Setzer acknowledges receiving the notice on March 27, 2017.

Setzer filed her original complaint on April 3, 2017. Setzer used a "form" complaint alleging claims of retaliation, breach of severance contract, malicious pursuit/harassment, material misrepresentation, violation of labor laws, massive financial harm, irreparable damage to her reputation, gender/sex discrimination, and age discrimination. She states the "facts" of her case as follows:

> Continual Retaliation, Breach of Severance Contract to cause financial harm, Violation of Labor Laws, Malicious Pursuit and Harassment, Irreparable Damage to my reputation. Material false representation of facts to influence EEOC decision. First Choice Lending Services Owners and Managing Principle are trying to run me out of the mortgage industry. They have even contacted my current employer. They are trying to take away my right to work. They have intentionally harmed me financially and made it extremely difficult for me to earn a living. I have contacted the TN Dept. of Financial Institution and the Labor Board. The harassment continued. So I contacted Governor Haslam and he advised me to seek legal action.

[R. 14, Amended Complaint].

After defendants filed a motion to dismiss the original complaint, Setzer filed a motion for leave to amend her complaint [R. 14]. Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleading after service of a motion under Rule 12(b). Accordingly, the court will grant Setzer's motion to amend her complaint and will consider defendants' motion to dismiss in light of the amended complaint.

## **II. Standard of Review**

Generally, complaints filed by *pro se* plaintiffs are liberally construed; however, in a motion to dismiss for failure to state a claim, the court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Powell v. Denton*, 2010 WL 1491550 at *2 (E.D.Tenn. Apr. 12, 2010). Under the standard articulated by the United States Supreme Court, courts are to engage in a two-step process when considering a motion to dismiss for failure to state a claim. *Id.*

First, the court separates the complaint's factual allegations from its legal conclusions. All factual allegations, and only the factual allegations, are taken as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the court asks whether these factual allegations amount to a plausible claim for relief. *Id.* at 555. The allegations do not need to be highly detailed, but they must do more than simply recite the elements of the offense. *Id.* Specifically, the complaint must plead facts permitting a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570.

While a *pro se* plaintiff's complaint is liberally construed in determining whether it fails to state a claim upon which relief can be granted, lenient treatment generally accorded to *pro se* litigants has limits. *Walker v. Corwell*, 2017 WL 663093 at *3 (E.D.Tenn. Feb. 15, 2017). The federal courts do not abrogate basic pleading essentials in *pro se* actions. *Id.* For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Id.* Complaints containing "vague and conclusory allegations" unsupported by material facts are subject to dismissal. *Becker v. Ohio State Legal Servs Ass'n*, 19 Fed. Appx. 321, 322 (6th Cir. 2001).

## III. Analysis

**A. Employment Claims**

Setzer alleges claims for gender discrimination, age discrimination, retaliation, and harassment in her 2012 EEOC Charge of Discrimination. The EEOC issued a Notice of Right to Sue on January 18, 2013, which stated that Setzer had ninety days to file suit based on the allegations brought in her charge. The instant action was not filed until April 3, 2017, more than four years after the EEOC Notice of Right to Sue was issued.

Under Title VII, a plaintiff has ninety days from receipt of the notice of right to sue from the EEOC to file suit in federal court. 42 U.S.C. § 2000e-5(f)(1). The federal courts strictly enforce Title VII's ninety-day statutory limit. *See Baldwin Cnty Welcome Ctr v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

Setzer received her EEOC Notice of Right to Sue on January 18, 2013, but did not file suit until four years later. The fact that Setzer filed a second EEOC charge claiming only retaliation and harassment in February 2017, does not save her claims. Pursuant to 42 U.S.C. § 2000e-5(e)(1), Setzer had three hundred days from the unalleged unlawful employment practice to file a charge with the EEOC. Because Setzer's employment with defendants ended in 2012 and she did not file her second EEOC charge until February 2017, her second EEOC charge is untimely. Thus, all Setzer's Title VII, age discrimination, and THRA claims relating to her termination in 2012 are time-barred as a matter of law.

The amended complaint adds claims for violation of the Equal Pay Act and Fair Labor Standards Act (FLSA), and Tennessee Public Protection Act (TPPA). These claims are untimely as well. Setzer had three years from the end of her employment in January 2012 to file her FLSA and Equal Pay Act claims pursuant to 29 U.S.C. § 255. Because she did not file her claims until five years after her employment was terminated, her FLSA and Equal Pay Act claims are time-barred as a matter of law.

Claims for retaliatory discharge under the TPPA must be brought within one year of discharge from employment. *Gibson-Holmes v. Fifth Third Bank*, 661 F.Supp.2d 905, 912 (M.D. Tenn. 2009). Setzer did not bring a TPPA claim until five years after her last day of employment. Therefore, the TPPA claim is time-barred as a matter of law.

Setzer's claim for malicious harassment is also time-barred. Tenn. Code Ann. § 4-21-701 provides for a one-year statute of limitations for this claim. Therefore, the malicious harassment claim is time-barred as a matter of law.

To the extent that Setzer is attempting to state a claim for misrepresentation under 18 U.S.C. § 3262, the court notes this is a criminal statute and federal courts have ruled that there is no private cause of action for alleged violations of the statute. *See Alexander v. Oakland Cty. Friend of the Court*, 2013 WL 2319477 at *1 (E.D.Mich. May 28, 2013). Thus, Setzer cannot state a claim under 18 U.S.C. § 3262.

**B. Breach of Contract**

To establish a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005). No enforceable contract exists where a party does not accept the offer and did not sign the contract. *See Shin v. Morgan*, 1992 WL 335950 at *2 (Tenn.Ct.App. Nov. 18, 1992) (holding that the document in question did not constitute a contract since the parties never reached a meeting of the minds because the appellee did not accept the appellant's offer and did not sign the contract).

Setzer attached to her amended complaint a copy of the purported severance agreement. However, Setzer's pleadings state that she did not know the terms of this alleged severance agreement or that any agreement existed until after she received a copy of the unsigned written agreement in connection with her EEOC claim. Because Setzer did not sign the severance agreement, there is no valid and enforceable written contract.

Setzer next alleges she entered into an oral agreement with defendants via a telephone conversation with Steve Shelton on January 5, 2012. A contract can be expressed, implied, written, or oral, but an enforceable contract must, among other

6

elements, result from a meeting of the minds and must be sufficiently definite to be enforced. *Jamestowne on Signal, Inc v. First Fed. Sav. & Loan Ass'n*, 807 S.W.2d 559, 564 (Tenn.Ct.App. 1990). Setzer is required to show that the oral agreement on which she relies was supported by adequate consideration, that there was mutual assent to the terms of the agreement, and that it was sufficiently definite to be enforceable. *Price v. Mercury Supply Company*, 682 S.W.2d 924, 933 (Tenn.Ct.App. 1984) (holding that no valid oral contract existed where plaintiff was unable to describe the material terms of the alleged contract).

Here, Setzer alleges that during the phone call, Shelton asked her to "prepare a list of my Loans. I worked with credit impaired individuals; so the list was comprised of names, not property addresses." This statement does show any consideration exchanged by the parties; does not show that they reached mutual assent to the terms of any agreement; and would not be enforceable in a court of law. *See Castelli v. Lien*, 910 S.W.2d 420, 426 (Tenn.Ct.App. 1995) (holding that persons seeking to enforce oral contracts must prove mutual assent to the terms of the agreement and must also demonstrate that the terms of the contract are sufficiently definite to be enforceable, otherwise, no meeting of the minds has occurred). Moreover, a mere expression of intent or a general willingness to do something does not amount to an "offer." *Talley v. Curtis*, 129 S.W.2d 1099 (1939). Accordingly, the court finds Setzer's allegations are insufficient to show the existence of an oral contract, and her breach of contract claim fails as a matter of law.

## C. Defamation

In her amended complaint, Setzer alleges defamation and "irreparable damage to my reputation." Defamation is comprised of the twin torts of liable and slander. A libel action involves written defamation and a slander action involves spoken defamation. *Brown v. Mapco Exp. Inc.*, 393 S.W.3d 696, 708 (Tenn.Ct.App. 2012). To establish a claim for defamation, a plaintiff must establish that (1) a party published a statement, (2) with knowledge that the statement is false and defaming to the other, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Id.* For a defendant to be liable for defamation, there must be publication of matter that is both defamatory and false. *Id.* The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation. *Id.*

Tennessee law requires that defamation claims be brought within one year after the date the alleged defamatory language was published. Tenn. Code Ann. § 28-3-103. Thus, any allegations of the amended complaint occurring more than one year prior to the filing of the original complaint on April 3, 2017, are time barred. Moreover, for statements alleged to have been made after April 3, 2016, Setzer fails to allege specific facts to support a claim for defamation. The amended complaint alleges that defendants "made up written, slanderous lies." The issue of whether a statement is capable of a defamatory meaning is a question of law to be decided by the court. *Clark v. EA Entertainment Television, LLC*, 60 F.Supp.3d 838, (M.D.Tenn. 2014). Setzer provides a list of what she considers to be factual allegations, ranging from mysterious emails and social media invitations to

allegedly being followed in a parking lot. There is nothing in the litany of allegations stated by Setzer that contains a false statement about Setzer. Therefore, the court finds that Setzer has failed to provide sufficient facts to state a claim for defamation.

**D. Retaliation**

Setzer's amended complaint alleges that Shelton contacted her current employer in July 2016. The amended complaint does not contain any specifics concerning what Shelton said, or that Setzer suffered any adverse actions as a result of the contact. Although the Sixth Circuit recognizes that negative references from a former employer that affect a plaintiff's ability to obtain subsequent employment might constitute retaliation under Title VII, the court has upheld such claims only in the limited circumstances in which the plaintiff alleges specific, identifiable statements made to specific, identifiable individuals or entities that produced tangible employment actions. *Taylor v. Geithner*, 703 F.3d 328, 337 (6th Cir. 2013). Setzer has not alleged facts sufficient to support this claim. Accordingly, the court finds Setzer's retaliation claim fails as a matter of law.

**E. Motion to Strike**

Defendants move to strike Setzer's response to their reply brief. In support of the motion, defendants state that Setzer filed her response without obtaining permission from the court as required by Local Rule 7.1. In addition, plaintiff's response merely rehashes arguments and conclusory allegations that she raised in her previous pleadings. To the extent that Setzer raises any new facts or arguments, defendants state such facts and/or arguments were clearly know to her at the time she filed initial response and amended complaint, and should have been raised at that time. The court agrees.

Local Rule 7.1(d) provides that "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the court, except that a party may file a supplemental brief of no more than 5 pages to call to the court's attention developments occurring after a party's final brief is filed." Setzer's supplemental response contains no new factual or legal issues there were not available to her at the time she filed her initial response and amended complaint. The Sixth Circuit has held that district courts may grant motions to strike on the basis that a document was not filed pursuant to local rules. *Loggins v. Franklin Cnty*, 218 Fed.Appx. 466, 478 (6th Cir. 2007) (finding district court did not abuse its discretion in striking documents that were filed beyond the deadline set in the local rules). Because Setzer's supplemental response was filed in violation of Local Rule 7.1(d) and merely restates her previous arguments, defendants' motion to strike is granted, and the document will not be considered in deciding the motion to dismiss.

For the same reasons just discussed, Setzer's motion to accept new evidence of retaliation is also denied.

### IV. Conclusion

In light of the foregoing discussion, the following action is taken:

1. Plaintiff's motion to amend complaint [R. 14] is **GRANTED**.

2. Defendants' motion to dismiss [R. 10] is **GRANTED,** and all claims against defendants are **DISMISSED in their entirety, with prejudice.**

2. Defendants' motion to strike [R. 21] is **GRANTED**, and plaintiff's response to defendants' reply brief [R. 20] is **STRICKEN FROM THE RECORD**.

3.  Plaintiff's motion to accept her supplemental response [R. 22] is **DENIED**.

4.  Plaintiff's motion to accept new evidence of retaliation [R. 24] is **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**